# 24-855

---

## United States Court Of Appeals For The Second Circuit

---

**Montgomery Blair Sibley,**
*Plaintiff/Appellant,*

vs.

**Chauncey J. Watches, Kathleen Hochul, Letitia James, Steven G. James, Erin M. Peradotto, John V. Centra, John M. Curran, Brian F. DeJoseph, Janet DiFiore, Jenny Rivera, Michael J, Garcia, Rowan D. Wilson, Anthony Cannataro, Madeline Singas and Shirley Troutman,**
*Defendants/Appellees.*

---

### Appeal from the United States District Court
### for the Western District of New York/Case No.: 19-CV-6517

---

### Initial Brief of the Appellant

---

**Montgomery Blair Sibley**
Plaintiff/Appellant
P.O. Box 341
Odessa, N.Y. 14869
(607) 301-0967
montybsibley@gmail.com

## INTRODUCTION

You are reading this Initial Brief of Plaintiff/Appellant Montgomery Blair

Sibley ("Sibley") first because some **six (6) years ago** a New York Pistol/Revolver

Licensing Officer denied to Sibley a Pistol/Revolver License: (i) upon *ex parte*

evidence received and expressly employed against Sibley which the Licensing

Officer refused – when specifically requested – to reveal to Sibley and (ii) upon the

the Licensing Officer's **"unchanneled discretion"** conclusion that Appellant did

not fit the Licencing Officer's subjective opinion of what constitutes "good moral

character".

Second, you are reading Sibley's Initial Brief because the judges of the New

York Appellate Division of the Fourth Department did not address  – let alone even

acknowledge – the significant issues described above thereby denying to Sibley a

"meaningful hearing" and thus due process.

Third, you are reading Sibley's Initial Brief because the judges of the New

York Court of Appeals without authority *ex cathedra sua sponte* amended the New

York Constitution and Civil Practice Law and Rules to truncate their subject-matter

jurisdiction thereby violating Sibley's federal constitutional rights to due process

and equal protection.

-i-

Last, you are reading Sibley's Initial Brief because District Court Judge Geraci over that six year period repeatedly and improperly <u>abused</u> his discretion to delay this matter and <u>ignored</u> – in the first trip to this Court of this matter – the express mandate of <u>this</u> Court to: "[T]o consider in the first instance the impact, if any, of *Bruen* on Sibley's claims". As such Sibley's Motion to Disqualify Judge Geraci was, and is, due to be granted.

No disclosure statement is required by Rule 26.1 as Plaintiff/Appellant

Montgomery Blair Sibley is a natural born Citizen.

### TABLE OF CONTENTS

| | |
|---|---|
| Introduction .................................................................................... | i |
| Table of Cases, Statutes and Other Authorities ................................. | v |
| Jurisdictional Statement ................................................................... | 1 |
| Statement Of The Issues Presented For Review ................................. | 1 |
| Statement of the Case....................................................................... | 3 |
|       A. The Relevant Procedural History ........................................ | 3 |
|       B. The Facts Relevant to the Issues Submitted for Review .......... | 6 |
| Summary of the Arguments ............................................................... | 9 |
| The Standards of Review .................................................................. | 10 |
| The Arguments ................................................................................. | 11 |
| I. Judge Geraci's Abused His Discretion .......................................... | 11 |
| A. Judge Geraci Violated First Amendment and Equal Protection Guarantees by Refusing to Rule Upon the *In Forma Pauperis* Petition | 11 |
| B. Judge Geraci's *Ex Parte* Indefinite Stay Was an Abuse of Discretion | 12 |
| II. The "Good Moral Character" Requirement As Applied To Sibley From N.Y. Penal Law Section §400.00(1)(B) Was Unconstitutional ................. | 13 |

-iii-

III. New York's Administrative Handgun License Application Adjudicative Practices Premised Upon N.Y. Penal Law §400.00 Et Seq. Denied Sibley: (i) The Process To Which He Was Constitutionally "Due" And (ii) Equal Protection ............................................................................ 16

IV. The Fourth Department Defendants Violated Sibley's First And Fourteenth Amendment Due Process Rights To "Petition" And Be "Heard" 17

V. The Court Of Appeals Defendants Violated Sibley's First Amendment Right To "Petition" And Fourteenth Amendment Due Process And Equal Protection Rights .......................................................................... 19

VI. Judicial Immunity Does Not Encompass Due Process Violations ......... 22

Conclusion ................................................................................ 25

Certificate of Compliance .......................................................... 26

Appendix (Bound Separately)

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

### CASES

*Antonyuk v. Chiumento et al.,* No. 22-2908 (2nd Cir. 2023)............................ 3, 7, 14, 16

*Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997)................................ 25

*City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432(1985)......... 23

*Douglas v. California,* 372 U.S. 353, 357 (1963)........................................... 20

*Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2nd Cir. 1987)............................................................................................................. 12

*Foman v. Davis*, 371 U.S. 178 (1962)............................................................. 14

*Forrester v. White,* 484 U.S. 219, 225 (1998)................................................. 25

*Greene v. McElroy*, 360 U.S. 474, 496-497 (1959)........................................ 18

*James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 544 (1991)............. 23

*Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)................................. 14, 15

*Logan v. Zimmerman Brush Co.* 455 U.S. 422, 433 (1982)........................... 19

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177 (1803).............................. 20

*Mireles v. Waco,* 502 U.S. 9 (1991)................................................................ 24

*Muto v. CBS Corp.*, 668 F.3d 53, 56 (2nd Cir. 2012)..................................... 12

*New York State Rifle & Pistol Assn., Inc. v. Bruen,* 818 Fed. Appx. 99, f/n #9 (2nd Cir., June 22, 2023)............................................................................ 16

*New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2021)............................................................................................................. 11, 15, 16

*Seminole Tribe v. Fla.*, 517 U.S. 44, f/n #2 (1996)......................................... 27

*Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)............................................... 20

## STATUTES AND OTHER AUTHORITIES

28 U.S.C. §455(b)(5)(i)................................................................................... 7

28 U.S.C. §1746................................................................................ 7

N.Y. Const. Art VI §3.......................................................................... 23

New York CPLR §5601(b)............................................................................. 22

## JURISDICTIONAL STATEMENT

Plaintiff/Appellant Montgomery Blair Sibley ("Sibley") claimed subject-matter jurisdiction in the District Court: (i) pursuant to 28 U.S.C. §1331 and §1343 based upon questions of federal constitutional law and (ii) under the Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202.

Sibley claims as a basis for this Court's appellate jurisdiction 28 U.S.C. §1291 as Sibley is appealing the final decisions of the District Court which disposed of all Sibley's claims. Sibley timely filed his Notice of Appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether it was an abuse of discretion for Judge Geraci: (i) to refuse to rule upon Sibley's *in forma pauperis* petition for seventy-nine (79) days and then declaring that motion moot and/or (ii) to *ex parte* grant an indefinite stay of the proceeding below pending this Court's decision in *Antonyuk v. Chiumento* et al., No. 22-2908?

2. Whether the "good moral character" requirement applied to Sibley by N.Y. Penal Law Section §400.00(1)(b) was unconstitutional as it violated the Second Amendment to the United States Constitution?

3. Whether singularly and collectively and "as applied" to Sibley, New York's handgun license application adjudicative practices premised upon N.Y.

1

Penal Law §400.00 *et seq*. denied Sibley: (i) the process to which he was Constitutionally "due" and (ii) equal protection?

4.    Whether Defendants Erin M. Peradotto, John V. Centra, John M. Curran and Brian F. DeJoseph ("Fourth Department Defendants") violated Sibley's First and Fourteenth Amendment due process rights to "petition" and be "heard" and thus are liable to the injured Sibley in an action at law, suit in equity, or other proper proceeding for redress?

5.    Whether Defendants Janet DiFiore, Jenny Rivera, Michael J, Garcia, Rowan D. Wilson, Anthony Cannataro, Madeline Singas and Shirley Troutman ("Court of Appeals Defendants") violated Sibley's First Amendment right to "petition" and Fourteenth Amendment Due Process and Equal Protection rights and thus are liable to the injured Sibley in an action at law, suit in equity, or other proper proceeding for redress?

2

## STATEMENT OF THE CASE

The nature of the case below sought – under ten (10) separate legal theories articulated in Five (5) separate Amended Complaints – Declaratory and Injunctive Relief as well as Damages that New York's administrative handgun licensing scheme and procedural and substantive handgun laws violated Sibley's Fundamental and Constitutional rights. The Honorable Frank P. Geraci, Jr. rendered the decisions being appealed. Sibley is unaware if Judge Geraci's decisions or supporting opinions have been reported.

### A. THE RELEVANT PROCEDURAL HISTORY

1. On **July 9, 2019**, Sibley filed his initial complaint seeking a Declaratory Judgment And Preliminary And Permanent Injunctive Relief against the Defendant/Appellee Handgun Licensing Officer Chauncey Watches ("Licensing Officer") solely in his official capacity. As a matter of right, Sibley subsequently filed his First Amended Complaint on **December 10, 2019**, adding, solely in their official capacities, the Defendants/Appellees: (i) His Excellency Andrew Mark Cuomo, (ii) James L. Allard, Sheriff of Steuben County, New York, (iii) Brooks Baker, District Attorney of Steuben County, and (iv) Keith M. Corlett, Superintendent of the New York State Police. **(Appendix, pp. 26-27).**

2. On **May 18, 2020**, Judge Geraci entered his Decision and Order granting the Defendants/Appellees' motions to dismiss and denying Sibley's

3

motion for partial summary judgment and oral argument. Sibley was given leave to amend the First Amended Complaint. **(Appendix, p. 55)**.

3.      After Judge Geraci dismissed Sibley's Second Amended Complaint on a procedural issue, on **June 3, 2020**, Sibley filed his Third Amended Complaint seeking Declaratory Judgment And Preliminary And Permanent Injunctive Relief. **(Appendix, p. 84)**.

4.      On **November 16, 2020**, Judge Geraci entered his Decision and Order granting Defendants/Appellees' motions to dismiss the Third Amended Complaint but once again granting leave to Sibley to amend. In that Order, Judge Geraci dismissed with prejudice Sibley's Claims against: (i) His Excellency Andrew Mark Cuomo, (ii) James L. Allard, Sheriff of Steuben County, New York, (iii) Brooks Baker, District Attorney of Steuben County, and (iv) Keith M. Corlett, then-Superintendent of the New York State Police. **(Appendix, p. 99)**.

5.      On **November 19, 2020**, Sibley filed his Fourth Amended Complaint For Declaratory Judgment And Preliminary And Permanent Injunctive Relief solely against Licensing Officer Watches, in his official capacity as a N.Y. Penal Law §265.00(10) Licensing Officer. **(Appendix, p. 129)**.

6.      On **July 20, 2021**, Judge Geraci entered his Decision and Order granting Defendants/Appellees' motions to dismiss the Fourth Amended Complaint. **(Appendix, p. 142)**.

4

7.      Sibley timely filed his notice of appeal to this Court on **August 13, 2021**, which was assigned **Case Number: 21-1986**. On **August 10, 2022**, this Court reversed[1] and remanded the matter back to the District Court. **(Appendix, p. 11, D.E. #92).**

8.      On **September 9, 2022**, Sibley filed his Fifth Amended Complaint again against Licensing Officer Watches and adding claims against the Fourth Department and Court of Appeals Defendants. **(Appendix, p. 161).**

9.      On **December 13, 2022**, Judge Geraci **_ex parte_** issued an Order granting Defendants/Appellees Motion to Stay pending disposition of *Antonyuk v. Chiumento et al.*, No. 22-2908 (2nd Cir. 2023). **(Appendix, p. 209)**. Additionally, on **December 21, 2022**, Sibley filed his 28 U.S.C. §1746 and 28 U.S.C. §455(b)(5)(i) Motion to Disqualify Judge Geraci citing Code of Conduct for United States Judges, Cannon 3(A)(4) & (5)[2] based upon Judge Geraci's arbitrary

---

[1]      This Court directed Judge Geraci in pertinent part, ". . . [T]o consider in the first instance the impact, if any, of *Bruen* on Sibley's claims, which concern a different provision imposing a "good moral character" requirement on applications for both carry and at-home licenses. N.Y. Penal Law §400.00(1)(b)." Judge Geraci ignored and thus violated this Court's Mandate by not addressing the *Bruen* issue in his Rule 12(b)(6) dismissal. **(Appendix, p. 210)**.

[2]      Cannon 3(A)(4) states: "A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law." (Emphasis added). Moreover, Canon 3A(5) states: "In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay." (Emphasis added).

5

refusal to hear Sibley prior to *ex parte* granting the Defendants/Appellees' Motion to Stay. **(Appendix, p. 15, D.E. #124)**. Judge Geraci denied the Motion to Disqualify on December 22, 2022. **(Appendix, p. 15, D.E. #125)**.

10. On **March 18, 2024**, Judge Geraci granted the Defendants/Appellees' motions to dismiss the Fifth Amended Complaint with prejudice. **(Appendix, p. 210).**

11. Sibley timely filed his notice of appeal to this Court on **April 1, 2024**, **(Appendix, p. 218).**

**B. THE FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW**

1. After moving from Maryland to New York, on **July 18, 2018**, Sibley filed his State of New York Pistol/Revolver License Application ("Application") with the Clerk of Steuben County, New York. **(Appendix, pp. 28, 88, 132, 165).**

2. On or about **May 16, 2019**, the Licensing Officer *ex parte* contacted Sibley's employer by telephone seeking information about Sibley's activities as a New York Nuisance Wildlife Control Operator. **(Appendix, pp. 29, 89, 133, 166).**

3. On **May 29, 2019** – three hundred fifteen (315) days or 10 ½ months after Sibley filed his Application – the Licensing Officer sent Sibley a letter denying Sibley a Pistol/Revolver License. In that letter, the Licensing Officer stated in pertinent part: (i) "That the [Licensing Officer] had reviewed Sibley's application" and "the investigation submitted by the Steuben County Sheriff's

6

Department", (ii) "The basis for the denial results from concerns about your being sufficiently responsible to possess and care for a pistol"and (iii) "[T]he the [Licensing Officer] is concerned that your history demonstrates that you place your own interest above the interests of society". **(Appendix, pp. 29, 89, 133, 167).**

4.    On **June 14, 2019**, Sibley responded to the **May 29, 2019**, letter from the Licensing Officer stating in sum and substance: (i) That he was requesting a hearing on the denial, (ii) Requesting copies of all written investigation reports and/or objections from any police authority or person reported to the Licensing Officer, and (iii) Requesting the sum and substance of any orally-communicated information received by the Licensing Officer regarding Sibley's application. **(Appendix, pp. 30, 89, 133, 167).**

5.    In response, on **June 25, 2019**, the Licensing Officer wrote Sibley stating: (i) "Pursuant to your request I have scheduled a hearing on **July 31, 2019**", (ii) "You should be prepared to proceed on that date with any evidence which you intend to present to the Court including testimony from you or any other witness concerning your application" and (iii) "I have reviewed your requests for information and documents and find them to be without legal basis and therefore **they are <u>denied</u>." (Emphasis added, Appendix, pp. 30, 90, 134, 167)**. The **July 31, 2019**, hearing date was subsequently re-set for **January 10, 2020.**

7

6.      Important to this Appeal, on **July 9, 2019**, six months prior to the **January 10, 2020**, "hearing", Sibley filed his initial complaint and request for preliminary injunction in the District Court which was assigned the Judge Geraci.

7.      On **March 9, 2020**, the Licensing Officer issued his Decision denying Sibley a pistol license. In that Decision, the Licensing Officer rested his sole reason for denying Sibley's Application that he **"has failed to demonstrate his good moral character." (Appendix, pp. 91, 135, 168)**.

8.      On or about **March 20, 2020**, Sibley filed his Article 78 "Notice of Petition" with the Supreme Court of New York, Fourth Department. **(Appendix, p. 169 )**.

9.      On **May 7, 2021**, the Fourth Department Defendants entered their Memorandum and Order on Sibley's Petition ignoring Sibley's due process claim that the Licensing Officer received information about Sibley he obtained *ex parte* from the Steuben County Sheriff's Department which the Licensing Officer: (i) relied upon in denying Sibley's Application and (ii) refused to reveal to Sibley. **(Appendix, p. 169)**. Sibley raised that refusal in his Motion for Rehearing which the Fourth Department Defendants denied without Sibley's requested *ratio decidendi* on **July 9, 2021**. **(Appendix, p. 169)**.

10.     On **July 14, 2021**, Sibley filed his Notice of Appeal to the New York Court of Appeals. On **December 16, 2021**, the Court of Appeal Defendants

8

entered their Order dismissing Sibley's appeal stating: "no substantial constitutional question is directly involved." **(Appendix, pp. 169-170)**. On **April 28, 2022**, the Court of Appeals Defendants entered their Order denying Sibley's Motion for Reargument. **(Appendix, p. 171)**.

### SUMMARY OF THE ARGUMENTS

1. Judge Geraci's: (i) <u>refusal</u> to rule upon Sibley's *in forma pauperis* petition for seventy-nine (79) days and then declaring that motion moot and (ii) *ex parte* grant of an indefinite stay of the proceeding below pending this Court's decision in *Antonyuk v. Chiumento et al.*, No. 22-2908 were abuses of discretion.

2. The "good moral character" requirement as applied to Sibley by N.Y. Penal Law Section §400.00(1)(b) was unconstitutional as it violated the Second Amendment to the United States Constitution as articulated by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2021) and this Court in *Antonyuk v. Chiumento et al.*, *supra*.

3. New York's administrative handgun license application adjudicative practices premised upon N.Y. Penal Law §400.00 *et seq*. <u>denied</u> Sibley: (i) the process to which he was Constitutionally "due" and (ii) equal protection.

4. The Fourth Department Defendants violated Sibley's First and Fourteenth Amendment due process rights to "petition" and be "heard" and thus are liable to the injured Sibley in an action at law and/or suit in equity.

9

5. The Court of Appeals Defendants violated Sibley's First Amendment right to "petition" and Fourteenth Amendment Due Process and Equal Protection rights and thus are liable to the injured Sibley in an action at law and/or suit in equity.

## THE STANDARDS OF REVIEW

For the *in forma pauperis* and indefinite stay issues, the standard of review is **"abuses allowable discretion."** *Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2nd Cir. 1987)("All discretion is to be exercised within reasonable limits. The concept of discretion implies that a decision is lawful at any point within the outer limits of the range of choices appropriate to the issue at hand; at the same time, a decision outside those limits exceeds or, as it is infelicitously said, 'abuses' allowable discretion.")

For all other issues, the applicable standard of review is ***de novo*** as Judge Geraci granted the motions to dismiss of the Appellees. *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2nd Cir. 2012)("We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs.")

10

## THE ARGUMENTS

### I.  JUDGE GERACI'S ABUSED HIS DISCRETION

#### A.  JUDGE GERACI VIOLATED FIRST AMENDMENT AND EQUAL PROTECTION GUARANTEES BY REFUSING TO RULE UPON THE *IN FORMA PAUPERIS* PETITION

Contemporaneous with the filing of the Initial Complaint on **July 9, 2019**,

Sibley filed his motion to proceed *in forma pauperis*. **(Appendix. p. 2, D.E. #2)**.

As Judge Geraci had failed to rule upon that motion for **twenty-eight (28) days** –

precluding the issuance of the requested summons and delaying the hearing upon

Sibley's preliminary injunction motion – on **August 8, 2019**, Sibley made his

Motion *Procedendo Ad Justicium* requesting Judge Geraci to rule one way or the

other on the *in forma pauperis* motion. **(App. p. 2, D.E. #4)**. **Fifty-one (51) days**

later, on **September 26, 2019,** as Judge Geraci had still not ruled for **seventy-nine**

**(79) days** upon the *in forma pauperis* motion, and as Sibley was then finally able

to come up with the exorbitant filing fee of four hundred ($400) dollars, he

deposited the filing fee sum with the Clerk.  As a result, on **October 1, 2019**, Judge

Geraci entered his order holding: "Motion for Leave to Appeal (sic) *in Forma*

*Pauperis* and Motion *Procedendo Ad Justicium* are Moot". **(Appendix, p. 2, D.E.**

**#6)**.

11

This Circuit has an institutional interest in reviewability which demands articulation of Judge Geraci's reasons for <u>refusing</u> to rule upon the *in forma pauperis* motion for a significant period of time thus <u>denying</u> to Sibley – and therefore *in futuro* similarly situated litigants – "access to court"[3]. Accordingly, this Court must remand for Judge Geraci to make further factual findings as to the merits of the *in forma pauperis* motion and explain his reasons for delay in ruling upon that motion to the end of allowing review of the harm caused by Judge Geraci's abuse of discretion.

## B. JUDGE GERACI'S *EX PARTE* INDEFINITE STAY WAS AN ABUSE OF DISCRETION

The legal authority which potentially empowered Judge Geraci to stay the proceeding below for **three hundred sixty (360) days** as <u>this</u> Court took up *Antonyuk v. Chiumento* arises from *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) in which the Supreme Court held:

> [T]he power to stay proceedings is incidental to the power
> inherent in every court to control the disposition of the causes

---

[3]  This Circuit must <u>not</u> tolerate an exercise of discretion when the district court fails to explain its reasons. Otherwise meaningful review of the district court's exercise of discretion is impossible. *Accord*: *Foman v. Davis*, 371 U.S. 178 (1962)("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave **without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules**.")(Emphasis added).

on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the suppliant for a stay **must make out a <u>clear</u> case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in <u>rare</u> circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both**. (Emphasis added, citations omitted).

Notably, Judge Geraci <u>ignored</u> Sibley's citation to *Landis v. North Am. Co.* when denying Sibley's Opposition to the Defendants' Motion to Stay. **(Appendix, p. 15, D.E. #123).**

Hence, it was an abuse of discretion for Judge Geraci to grant what turned into a **three hundred sixty (360) day** stay as Judge Geraci <u>failed</u> to find either a "clear case of hardship or inequity" and because there was a "fair possibility that the stay for which he prays will work damage to" Sibley. Simply stated, it was an abuse of discretion by Judge Geraci to <u>force</u> Sibley to "stand aside while" this Court decided the *Antonyuk* case which "settle[d] the rule of law that will define the rights of both."

## II. THE "GOOD MORAL CHARACTER" REQUIREMENT AS APPLIED TO SIBLEY FROM N.Y. PENAL LAW SECTION §400.00(1)(B) WAS UNCONSTITUTIONAL

Sibley's First Claim alleged that: "As a result of the Supreme Court's decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, Section

13

400.00(1)(b)'s "good moral character" requirement was unconstitutional as applied

to Sibley as it requires the prohibited: (i) "appraisal of facts", (ii) "exercise of

judgment", to (iii) result in "the formation of an opinion"[4] that Sibley has "good

moral character"[5]. **(Appendix, p. 175, ¶34)**.

Further support for Sibley's claim that he has stated a cause of action in his

First Claim comes from <u>this</u> Court which recently held in *Antonyuk v. Chiumento et*

*al.*, No. 22-2908, p. 109 (2nd Cir. 2023):

---

[4]     "Rather, it appears that these shall-issue regimes, which often require
applicants to undergo a background check or pass a firearms safety course, are
designed to ensure only that those bearing arms in the jurisdiction are, in fact,
"law-abiding, responsible citizens." *Ibid.* And  they likewise appear to contain only
"narrow, objective, and definite standards" guiding licensing officials,
*Shuttlesworth v. Birmingham*, 394 U. S. 147, 151 (1969), **rather than requiring
the "appraisal of facts, the exercise of judgment, and the formation of an
opinion**," *Cantwell v. Connecticut*, 310 U. S. 296, 305 (1940) – features that typify
proper-cause standards like New York's." *New York State Rifle & Pistol Assn., Inc.
v. Bruen,* 818 Fed. Appx. 99, f/n #9 (2nd Cir., June 22, 2023)(Emphasis added).

[5]     "The Court's decision addresses only the unusual discretionary licensing
regimes, known as "may-issue" regimes, that are employed by 6 States including
New York. As the Court explains, New York's outlier may-issue regime is
constitutionally problematic **because it grants open-ended discretion to licensing
officials** and authorizes licenses only for those applicants who can show some
special need apart from self-defense. Those features of New York's regime – **the
unchanneled discretion for licensing officials and the special-need
requirement—in effect deny the right to carry handguns for self-defense to
many "ordinary, law-abiding citizens**." Ante, at 1; see also *Heller*, 554 U. S., at
635. The Court has held that "individual self-defense is 'the central component' of
the Second Amendment right." *McDonald,* 561 U. S., at 767 (quoting *Heller*, 554
U. S., at 599). **New York's law is inconsistent with the Second Amendment
right to possess and carry handguns for self-defense**. *Bruen,* at 16 (Emphasis
added).

> Licensing officers nevertheless have a statutory duty to make "character" determinations **only** **with respect to an applicant's potential dangerousness, and a denial on that ground requires a written, reasoned notice of denial supported by evidence. Where necessary, both state and federal courts are empowered to enforce those statutory requirements and consider as-applied constitutional challenges, thereby ensuring that individuals are not prevented from carrying a gun on the basis of flimsy imputations, unsupported subjective intuitions, or hunches about the applicant's character.** (Emphasis added).

Here, in this as-applied challenge, the Licensing Officer made his determination to deny Sibley his pistol permit upon the unarticulated grounds that: "[T]he Court is concerned that your history demonstrates that you place your own interest above the interests of society." **(Appendix, p. 175, ¶18)**. Plainly, such a finding violates the holdings in *Bruen* and *Antonyuk* as it has nothing whatsoever to do with "**potential dangerousness**".

Hence, Sibley has stated each of the elements of a §1983 violation as the Licensing Officer, a "person" who acted "under color of New York state law" proximately causing the deprivation of Sibley's federally protected Second Amendment rights upon prohibited: "**unchanneled discretion**" grounds. As such, Licensing Officer Watches is liable to the injured Sibley in this suit in equity, or other proper proceeding for redress.

15

**III.** **NEW YORK'S ADMINISTRATIVE HANDGUN LICENSE APPLICATION ADJUDICATIVE PRACTICES PREMISED UPON N.Y. PENAL LAW §400.00 ET SEQ. DENIED SIBLEY: (I) THE PROCESS TO WHICH HE WAS CONSTITUTIONALLY "DUE" AND (II) EQUAL PROTECTION**

Sibley's Second Claim alleged that: "Sibley did not have the opportunity to review the Sheriff's report on Sibley upon which Licensing Officer Watches expressly relied upon to make his determination to deny Sibley his pistol license as Licensing Officer Watches expressly refused to disclose that report to Sibley despite Sibley's request for that report. As a result, Sibley's due process rights were violated as he was not given proper 'notice' of the allegations against him and denied to Sibley an opportunity to present evidence in defense to the unknowable claims against him." **(Appendix, p. 175, ¶37).**

It is axiomatic that the state may <u>not</u> deprive an individual of a federally protected right without due process of law. Due process requires disclosure of the evidence the government is using against the individual; something the Licensing Officer <u>refused</u> to Sibley in this matter. As noted in *Greene v. McElroy*, 360 U.S. 474, 496-497 (1959): ". . . the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.)

16

Likewise, Sibley was denied the ability to present documentary and

testimonial evidence by the Licensing Officer: "I have reviewed your requests for

information and documents and find them to be without legal basis and therefore

they are denied." **(Appendix, p. 175, ¶20)**. Such refusal to permit Sibley to

present evidence likewise violated Sibley's due process rights. *Accord*: "The Due

Process Clause of the Fourteenth Amendment guarantees every litigant the right 'to

present his case and have its merits fairly judged.'" *Logan v. Zimmerman Brush

Co*. 455 U.S. 422, 433 (1982).

Hence, Sibley has stated each of the elements of a §1983 violation as

Licensing Officer Watches, a "person" who acted "under color of New York state

law" proximately causing the deprivation of Sibley's federally protected

Fourteenth "due process" rights. As such, Licensing Officer Watches is liable to

the injured Sibley in this suit in equity, or other proper proceeding for redress.

## IV. THE FOURTH DEPARTMENT DEFENDANTS VIOLATED SIBLEY'S FIRST AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS TO "PETITION" AND BE "HEARD"

Sibley's Sixth Claim against the Fourth Department Defendants stated a

cause of action as it alleged that these Defendants, who were state officers acting

under the color of state law, violated Sibley's First and Fourteenth Amendment due

process rights to "petition" and be "heard" by refusing to acknowledge or address

the significant issues raised in Sibley's Article 78 Petition.

17

Sibley's Article 78 Petition sought review of the Licensing Officer's <u>denial</u> of Sibley's pistol permit application to the Supreme Court, Fourth Department. That Petition included, *inter alia*, claims that the Licensing Officer received information about Sibley he obtained *ex parte* from the Steuben County Sheriff's Department which the **Licensing Officer**: (i) relied upon in denying Sibley's Application and (ii) refused to reveal to Sibley. **(Appendix, p. 175, ¶26)**. This was <u>no</u> oversight error as Sibley again raised the refusal of the Fourth Department Defendants to acknowledge or address Sibley's significant claims in his Motion for Rehearing which the Fourth Department Defendants denied <u>without</u> detailing their *ratio decidendi* as requested by Sibley on **July 9, 2021. (Appendix, p. 175, ¶26)**.

The "touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). When a state provides a right to appeal, it must meet the requirements of due process and equal protection. *Douglas v. California*, 372 U.S. 353, 357 (1963). Indeed, it is Black Letter law that: "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. . . This is of the very essence of judicial duty." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).

By refusing to acknowledge Sibley's claims, let alone "say what the law is" regarding those claims as detailed *supra*, the Fourth Department Defendants <u>denied</u>

18

Sibley due process as they refused to "hear" what Sibley was saying. As such, these Defendants violated the due process obligation which is the "province and duty of the judicial department" to say what the "law is". Moreover, it allows the Fourth Department Defendants to act arbitrarily by "hearing" certain petitioners and granting relief and at the same time refusing to "hear" similarly situated petitioners. Equal protection prohibits discretionary justice.

Hence, Sibley has stated each of the elements of a §1983 violation as the Fourth Department Defendants, "persons" who acted "under color of New York state law", proximately caused the deprivation of Sibley's federally protected First Amendment right to "petition" and Fourteenth Amendment "due process" rights by refusing to "hear" Sibley's arguments in the Article 78 proceeding. As such, the Fourth Department Defendants are liable to the injured Sibley in an action at law, suit in equity, or other proper proceeding for redress.

## V.    THE COURT OF APPEALS DEFENDANTS VIOLATED SIBLEY'S FIRST AMENDMENT RIGHT TO "PETITION" AND FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION RIGHTS

Sibley's Seventh Claim against the Court of Appeals Defendants stated each of the elements of a §1983 violation as the Court of Appeals Defendants are "persons" who acted "under color of New York state law" proximately causing the deprivation of Sibley's federally protected First Amendment right to "petition" and Fourteenth Amendment Due Process and Equal Protection rights. As such, the

19

Court of Appeals Defendants are liable to the injured Sibley in an action at law,

suit in equity, or other proper proceeding for redress.

New York CPLR §5601(b) states: "Constitutional grounds. An appeal may

be taken to the court of appeals as of right: 1. from an order of the appellate

division which finally determines an action where **there is directly involved the**

**construction of the constitution of the state or of the United States.**"[6] *Accord*:

N.Y. Const. Art. VI § 3. Notably, neither N.Y. Const. Art VI §3 nor CPLR

§5601(b)(1) include the adjective "substantial" in their descriptions of the right to

---

[6]      On **December 16, 2021**, the Court of Appeal Defendants entered their Order
dismissing Sibley's appeal fatuously stating: "**no substantial constitutional**
**question is directly involved**" notwithstanding that the Fourth Department
Defendants in their Memorandum and Order of **May 7, 2021**, expressly held: (i)
"With respect to petitioner's **challenge to the constitutionality** of the pistol
licensing application statutes . . .", (ii) ". . . the alleged procedural errors that he
raises in the petition did not deprive him of his right to **due process** during the
pistol license application review process", (iii) "We further conclude that petitioner
**was not denied due process** when respondent communicated with petitioner's
employer and the Sheriff's Office . . .", (iv) "We also reject petitioner's contention
that he was **denied due process** because respondent failed to disclose the
substance of his conversation with petitioner's employer", (v) "There is **no**
**violation of due process** where, as here, petitioner was given notice of the
information respondent obtained from the employer, and was given the chance to
address that information at the hearing", (vi) "We further reject petitioner's
contention that the failure to hold a hearing before respondent made his initial
determination to deny the application **violated petitioner's right to due process**",
(vii) "We further reject petitioner's contention that the failure to hold a hearing
before respondent made his initial determination to deny the application **violated**
**petitioner's right to due process**", (viii) "We further reject petitioner's contention
that he was **deprived of due process** based on the length of time it took to process
the application", (ix) "Thus, because respondent is not responsible for the delay in
the determination of petitioner's application, he **did not deprive petitioner of due**
**process**" (Emphasis added). **(Appendix, pp. 202-205)**

20

appeal to the New York Court of Appeals. The putative grafting by the Court of

Appeals Defendants of such a qualification seeking to limit the Court of Appeals'

subject matter jurisdiction is not statutorily unauthorized. **(Appendix, p. 175, ¶59)**.

Moreover, the term "substantial" is not a legal-term-of-art with a precise

definition. Lacking such, it thus empowers the Court of Appeals Defendants to

employ one definition of "substantial" for some petitioners and another definition

of "substantial" for a different set of petitioners.

Different rules of law for different people is a fundamental breach of the

legal compact upon which this republic was formed. *Accord*: *James B. Beam*

*Distilling Co. v. Georgia*, 501 U.S. 529, 544 (1991)("But selective prospectivity

also breaches the principle that litigants in similar situations should be treated the

same, a fundamental component of *stare decisis* and the rule of law generally.");

*City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985)("The

Equal Protection Clause of the Fourteenth Amendment provides that a state may

not deny to any person within its jurisdiction the equal protection of the laws

'which is essentially a direction that all persons similarly situated should be treated

alike.'").

Hence, Sibley has stated each of the elements of a §1983 violation as the

Court of Appeals Defendants, "persons" who acted "under color of New York state

law", proximately caused the deprivation of Sibley's federally protected First

21

Amendment right to "petition" and Fourteenth Amendment Due Process and Equal Protection rights by <u>refusing</u> to "hear" Sibley's appeal to the Court of Appeals. As such, the Court of Appeals Defendants are liable to the injured Sibley in an action at law, suit in equity, or other proper proceeding for redress.

## VI.   JUDICIAL IMMUNITY DOES <u>NOT</u> ENCOMPASS DUE PROCESS VIOLATIONS

The judicially-created and grounded in public policy considerations doctrine of "judicial immunity" <u>cannot</u> be extended to bar either Sibley's Sixth or Seventh Claim for damages.

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See*: *Mireles v. Waco*, 502 U.S. 9 (1991)("A judge will not be deprived of immunity because **the action he took** was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." (Emphasis added).

The underpinnings of the completely judicially-created doctrine of Judicial Immunity support Sibley's assertions in this regard. Judicial Immunity is grounded upon public policy concerns. "Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1998). In this instance, it is the very

22

lack of an appellate review in New York that undermines any claim for judicial immunity by the Licensing Officer and the Fourth Department and Court of Appeals Defendants.

Plainly, the judicially-created public policy reasons for permitting a judicial immunity defense are invalidated when there is no other alternative than to proceed against the judicial actors to establish the wrongful nature of their failure to act. As noted in *Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997):

> Finally, included in the absolute judicial immunity balance is the availability of alternate forums and methods, apart from a civil suit for damages, for litigants to protect themselves from the potential consequences of actions taken by a judge. *See*: *Forrester*, 484 U.S. at 227 (emphasizing that a damages suit is not a litigant's only recourse: 'Most judicial mistakes and wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.')

Here, Sibley complains not about an "act" or "action" of the Fourth Department Defendants. Rather, Sibley's Sixth Claim is that the Fourth Department Defendants' failure to act which gives rise to Sibley's §1983 claim for denying him access to Court. Stated another way, the Equal Protection and Due Process obligation of the Fourteenth Amendment and the right-to-petition of the First Amendment **creates a two-sided coin:** One side guarantees to Sibley those rights; The other side obligates state court judges to make "petitioning" meaningful

23

by "hearing" the issues a case brings before them.

Here, as the record demonstrates, Sibley has no timely "ordinary mechanisms of review" of the refusal by the Fourth Department Defendants to "hear" Sibley. Accordingly, in this case, Public Policy considerations prohibit the application of the judicially-created doctrine of judicial immunity to defeat the protections afforded to Sibley by §1983.

Likewise, the Court of Appeals Defendants denied due process and equal protection to Sibley by their unauthorized limiting of their subject-matter jurisdiction thus conditioning Sibley's access to the Court of Appeals upon the whim and caprice of judges who, without statutory authority, employ a legal term-of-art without a definite meaning.

The alternative result is absurd: Sibley has a First Amendment right to petition and a Fourteenth Amendment right to be "heard" without a concomitant method to secure either of those rights. As Chief Justice Marshall declared: "[T]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803).

By granting "absolute judicial immunity" to the Fourth Department and Court of Appeals Defendants while concomitantly denying to Sibley the §1983

24

remedy that Congress created, Judge Geraci has denied to Sibley the "protection of the laws" to which he is entitled. *Accord*: S*eminole Tribe v. Fla.*, 517 U.S. 44, f/n #2 (1996)("In any event, it is clear that the idea of the sovereign, or any part of it, being above the law in this sense has not survived in American law.") Yet to grant absolute judicial immunity to the Fourth Department and Court of Appeals Defendants is to elevate them "above the law" for they can <u>deny</u> Sibley his fundamental rights and Sibley has <u>no</u> avenue for redress while these Defendants suffer <u>no</u> consequence.

Simply stated, there must be some credible mechanism for holding the judiciary accountable for §1983 violations. The alternative is not a justice system, it is just-a-system <u>without</u> any semblance of justice.

### CONCLUSION

It was an abuse of discretion for Judge Geraci to refuse to rule upon and then declare moot Sibley's motion to proceed *in forma pauperis*.

It was an abuse of discretion for Judge Geraci to *ex parte* indefinitely stay this matter.

The "good moral character" requirement applied to Sibley by N.Y. Penal Law Section §400.00(1)(b) was unconstitutional.

New York's procedure for adjudicating applications for handgun licenses is <u>devoid</u> of due process and <u>violates</u> equal protection guarantees.

25

The Fourth Department and Court of Appeals Defendants Defendants violated Sibley's First and Fourteenth Amendment due process rights to "petition" and be "heard" and equal protection guarantees.

The requisite *de nono* review of the First, Third, Fourth and Fifth Amended Complaints in this matter by this Court establishes that Sibley properly plead causes of action in each Claim and had the proper parties for each Claim. Accordingly, the District Court's Orders of **May 18, 2020**, **November 16, 2020**, **July 21, 2021** and **March 18, 2024** dismissing Sibley's Complaints are due to be vacated and this matter remanded for expedited proceedings to secure Sibley's right to possess a handgun at home and in public.

WHEREFORE, Sibley respectfully requests that:

1.      The decisions and judgments of the District Court be vacated and reversed;

2.      That this Court declare that New York's handgun laws and adjudicative practices are procedurally and substantively unconstitutional as detailed herein; and

3.      That this case be remanded for further expedited proceedings.

26

Date: May **2**, 2024     **MONTGOMERY BLAIR SIBLEY**
Plaintiff/Appellant
P.O. Box 341
Odessa, N.Y. 14869
(607) 301-0967
montybsibley@gmail.com

By: _____
**MONTGOMERY BLAIR SIBLEY**

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(g) as this document contains **5,453 words**. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Google Docs in 14 point Times New Roman.

By: _____
**MONTGOMERY BLAIR SIBLEY**

27