# 24-855

## United States Court of Appeals
## for the Second Circuit

MONTGOMERY BLAIR SIBLEY,

*Plaintiff-Appellant,*

v.

CHAUNCEY J. WATCHES, KATHLEEN HOCHUL, LETITIA JAMES, ERIN M. PERADOTTO, JOHN V. CENTRA, JOHN M. CURRAN, BRIAN F. DEJOSEPH, JENNY RIVERA, MICHAEL J. GARCIA, ANTHONY CANNATARO, MADELINE SINGAS, SHIRLEY TROUTMAN, STEVEN G. JAMES, Acting as Superintendent of the State Police,

*Defendants-Appellees,*

His Excelllency ANDREW MARK CUOMO, solely in his official capacity as the Chief Administrative Officer of the State of New York, JAMES L. ALLARD, solely in his official capacity as Sheriff of Steuben County, New York, BROOKS BAKER, solely in his official capacity as District Attorney of Steuben County, KEITH M. CORLETT, solely in his official capacity as Superintendent of the New York State Police, JANET DIFIORE, STEVEN NIGRELLI, ROWAN D. WILSON,

*Defendants.*

On Appeal from the United States District Court
for the Western District of New York

**BRIEF FOR DEFENDANTS-APPELLEES**

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Defendants-Appellees
The Capitol
Albany, New York 12224
(518) 776-2044

BARBARA D. UNDERWOOD
  *Solicitor General*
ANDREA OSER
  *Deputy Solicitor General*
JONATHAN D. HITSOUS
  *Assistant Solicitor General*
    *of Counsel*

Dated: July 15, 2024

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................iii

PRELIMINARY STATEMENT ....................................................... 1

QUESTIONS PRESENTED .............................................................. 2

STATEMENT OF THE CASE ........................................................... 3

    A.    A New York judge denies Sibley a pistol license and
state-court appellate judges affirm that denial. ..................... 3

    B.    Sibley commences the underlying federal action,
ultimately seeking relief from all the state-court judges
purportedly responsible for his pistol-license denial. .............. 7

    C.    The district court dismisses the fifth amended
complaint ............................................................................... 12

STANDARD OF REVIEW................................................................ 13

SUMMARY OF ARGUMENT .......................................................... 14

ARGUMENT .................................................................................... 16

POINT I

    SIBLEY'S INDIVIDUAL-CAPACITY CLAIMS AGAINST STATE-COURT
JUDGES WERE PROPERLY DISMISSED AS BARRED BY JUDICIAL
IMMUNITY................................................................................... 16

POINT II

    SIBLEY ALSO CANNOT OBTAIN RELIEF FROM DEFENDANTS IN
THEIR OFFICIAL CAPACITIES................................................... 21

i

**Page**

POINT III

    SIBLEY'S CHALLENGES TO THE DISTRICT COURT'S
NON-DISPOSITIVE RULINGS ARE MERITLESS ......................................... 27

       A.   Sibley's challenge to the stay pending the outcome of
*Antonyuk* is academic and meritless in any event. ................. 28

       B.   The district court was not required to recuse itself from
Sibley's case ............................................................................. 32

CONCLUSION ..................................................................................... 34

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Antonyuk v. Chiumento,*
89 F.4th 271 (2d Cir. 2023) ........................................................... passim

*Carter v. Duggan,*
455 F.2d 1156 (5th Cir. 1972) ................................................................. 20

*Cherokee Nation of Oklahoma v. United States,*
124 F.3d 1413 (Fed. Cir. 1997) ............................................................... 28

*Colbeth v. O' Rourke,*
707 F.2d 57 (2d Cir. 1983) ...................................................................... 23

*Cox v. Onondaga Cnty.,*
760 F.3d 139 (2d Cir. 2014) .................................................................... 13

*Dade v. Entz,*
83 F. App'x 676 (5th Cir. 2003) .............................................................. 18

*Davis v. Walker,*
745 F.3d 1303 (9th Cir. 2014) ................................................................. 28

*Dixon v. Cuomo,*
33 N.Y.3d 994 (2019) .............................................................................. 19

*Ex parte Young,*
209 U.S. 123 (1908) ............................................................................ 22-23

*Fishinghawk v. Kissinger,*
764 F. App'x 827 (10th Cir. 2019) .......................................................... 20

*Fla. Bar v. Sibley,*
2008 WL 631314 (Fla. Mar. 7, 2008) ....................................................... 4

*Francis v. Pellegrino,*
224 F. App'x 107 (2d Cir. 2007) ............................................................. 26

*Gerstenbluth v. Credit Suisse Secs. (USA) LLC,*
728 F.3d 139 (2d Cir. 2013) .................................................................... 32

iii

**Cases**                                                                **Page(s)**

*Gross v. Rell,*
    585 F.3d 72 (2d Cir. 2009) ................................................................ 17

*Hogan v. Fischer,*
    738 F.3d 509 (2d Cir. 2013) ............................................................. 13

*Huminski v. Corsones,*
    396 F.3d 53 (2d Cir. 2004) ......................................................... 16, 19

*In re Sibley,*
    990 A.2d 483 (D.C. 2010) .................................................................. 4

*Justice Network, Inc. v. Craighead Cnty.,*
    931 F.3d 753 (8th Cir. 2019) ........................................................... 24

*Kelsey v. Clark,*
    No. 22-22, 2023 WL 1980307 (2d Cir. Feb. 14, 2023) ................. 25-26

*Libertarian Party of Erie Cnty. v. Cuomo,*
    970 F.3d 106 (2d Cir. 2020) ........................................................... 21-22

*Louis Vuitton Malletier S.A. v. LY USA, Inc.,*
    676 F.3d 83 (2d Cir. 2012) ............................................................. 29

*Marti v. Iberostar Hoteles v Apartamentos S.L.,*
    54 F.4th 641 (11th Cir. 2022) ......................................................... 28

*Matter of New York Pub. Interest Research Group v. New York*
    *State Thruway Auth.,*
    77 N.Y.2d 86 (1990) ........................................................................ 19

*Matter of Sibley,*
    61 A.D.3d 85 (4th Dep't 2009) ........................................................ 4

*Matter of Sibley v. Watches,*
    194 A.D.3d 1385 (4th Dep't 2021) .............................................. 6, 27

*Matter of Woodside Manner Nursing Home v. Zucker,*
    41 N.Y.3d 991 (2024) ...................................................................... 19

**Cases**                                                 **Page(s)**

*McKnight v. Blanchard,*
667 F.2d 477 (5th Cir. 1982) ............................................................ 28

*Mireles v. Waco,*
502 U.S. 9 (1991) ............................................................................... 16

*New York State Rifle & Pistol Association, Inc. v. Bruen,*
597 U.S. 1 (2022) ................................................................................. 8

*Opala v. Watt,*
454 F.3d 1154 (10th Cir. 2006) ......................................................... 24

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) ............................................................................. 18

*Polur v. Raffe,*
912 F.2d 52 (2d Cir. 1990) ................................................................ 18

*Portalatin v. Graham,*
624 F.3d 69 (2d Cir. 2010) ................................................................ 18

*Pulliam v. Allen,*
466 U.S. 522 (1984) ........................................................................... 22

*Range v. 480-486 Broadway,*
810 F.3d 108 (2d Cir. 2015) .............................................................. 29

*Rodriguez v. Weprin,*
116 F.3d 62 (2d Cir. 2012) ................................................................ 20

*S & M Brands, Inc. v. Cooper,*
527 F.3d 500 (6th Cir. 2008) ............................................................. 24

*Saleh v. Sulka Trading Ltd.,*
957 F.3d 348 (2d Cir. 2020) .............................................................. 25

*Sibley v. Watches,*
38 N.Y.3d 1006 (2022) ......................................................................... 7

| Cases | Page(s) |
|---|---|

*Sibley v. Watches,*
No. 21-1986, 2022 WL 2824268 (2d Cir. July 20, 2022) ............... 8, 29

*Soto v. Sleet,*
458 F. App'x 89 (3d Cir. 2012) ........................................................ 20

*Stump v. Sparkman,*
435 U.S. 349 (1978) .................................................................... 18, 20

*Tracy v. Freshwater,*
623 F.3d 90 (2d Cir. 2010) ............................................................. 14

*United States v. Pikna,*
880 F.2d 1578 (2d Cir. 1989) ......................................................... 13

*United States v. Rahimi,*
602 U.S. __ (2024) ............................................................................ 1

*Ward v. Thomas,*
207 F.3d 114 (2d Cir. 2000) ........................................................... 24

*Whiteside v. Hover-Davis, Inc.,*
995 F.3d 315 (2d Cir. 2021) ........................................................... 13

*Whole Woman's Health v. Jackson,*
595 U.S. 30 (2021) ......................................................................... 22

*Woodlawn Cemetery v. Local 365, Cemetery Workers & Greens
Attendants Union,*
930 F.2d 154 (2d Cir. 1991) ........................................................... 29

*Wright v. Comm'r of Internal Revenue,*
571 F.3d 215 (2d Cir. 2009) ........................................................... 32

*Young v. Selsky,*
41 F.3d 47 (2d Cir. 1994) ............................................................... 16

**Federal Statutes**                                              **Page(s)**

42 U.S.C.
  § 1983 ................................................................ 13, 19, 22, 26

**State Statutes**

Ch. 371, 2022 N.Y. Laws (N.Y. Legis. Retrieval Serv.) ........................... 5

N.Y. C.P.L.R.
  506(b)(1) ............................................................................ 19
  5601 .................................................................................. 19
  5601(1)(b) ......................................................................... 17
  5601(b)(1) ......................................................................... 10
  5602 .................................................................................. 19

N.Y. Penal Law
  § 265.00(10) ........................................................................ 3
  § 265.20(a)(3) ...................................................................... 3
  § 400.00 ................................................................. 3, 5, 7, 9, 30
  § 400.00(1)(b) .................................................................. 5, 10

## PRELIMINARY STATEMENT

Montgomery Blair Sibley, a disbarred attorney proceeding pro se, commenced the underlying federal civil action against the New York state-court judge who denied his pistol-license application and the state-court appellate judges who upheld that ruling. After a prior appeal and remand from this Court, and then a stay to await the resolution of a challenge to New York's pistol-licensing scheme in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023),[1] the United States District Court for the Western District of New York (Geraci, J.) granted defendants' motion to dismiss Sibley's fifth amended complaint on the ground that Sibley cannot sue state-court judges in federal court to obtain relief for their rulings in state-court cases.

The district court correctly dismissed the action. Sibley' individual-capacity claims are barred by judicial immunity, and his official-capacity claims are barred by the Eleventh Amendment. While Sibley also seeks to challenge two other district court orders—an order staying his case

---

[1] The U.S. Supreme Court has since granted certiorari and summarily vacated the Court's decision in *Antonyuk* for further consideration in light of *United States v. Rahimi,* 602 U.S. __ (2024).

pending this Court's decision in *Antonyuk* and an order denying his request for the district court to recuse itself from his case, neither of those challenges are properly before the Court and both lack merit in any event. Accordingly, the Court should affirm.

## QUESTIONS PRESENTED

1.    Does judicial immunity bar Sibley's individual-capacity claims, all of which are asserted against state-court judges to obtain relief from their rulings in cases where he was a litigant?

2.    Does Eleventh Amendment immunity bar Sibley's official-capacity claims against those defendants for retrospective relief?

3.    Should this Court reject Sibley's challenges to the district court's decisions to stay his case pending *Antonyuk* and to decline to recuse itself from the case, either because those challenges are not properly before the Court, or because they lack merit?

## STATEMENT OF THE CASE

**A.  A New York judge denies Sibley a pistol license and state-court appellate judges affirm that denial.**

The following facts are taken from Sibley's pleadings, the documents attached to those pleadings, and court orders in the public domain. For purposes of this appeal, the facts are accepted as true.

Sibley has owned and possessed handguns since the 1970s. (A165.)[2] In 2017, he relocated to New York and brought his guns with him. (A165, 190.) New York law requires Sibley to obtain a license to possess his guns in the State lawfully. N.Y. Penal Law §§ 265.20(a)(3), 400.00. Thus, in July 2018, Sibley applied for a pistol permit in Steuben County, New York. (A165-166, 189-190.)

Sibley's application was forwarded to Steuben County Court Judge Watches (A166), whose duties as a judge included deciding pistol-permit applications made in Steuben County. *See* N.Y. Penal Law § 265.00(10).

Because Sibley claimed a pistol permit would assist him with his work as a privately employed wildlife control operator (A189), Judge

---

[2] Parenthetical references to "(A__)" refer to pages in Sibley's appendix.

Watches contacted Sibley's employer, who advised that Sibley could perform his job duties without a pistol. (A166, 203.) Judge Watches also reviewed public records establishing that Sibley had previously practiced law but his licenses to practice had been revoked or suspended by multiple jurisdictions for repeatedly ignoring court orders relating to his commencement of frivolous and vexatious litigation. *See In re Sibley*, 990 A.2d 483, 494-96 (D.C. 2010); *Matter of Sibley*, 61 A.D.3d 85, 86-87 (4th Dep't 2009); *Fla. Bar v. Sibley*, 2008 WL 631314, at \*1 (Fla. Mar. 7, 2008).

In May 2019, Judge Watches denied Sibley's application, finding that Sibley's history of placing his own interests above the interests of society showed that he could not be trusted with a concealed firearm. (A167, 192.) Judge Watches advised Sibley of his right to request a hearing, however, and Sibley availed himself of that right. (A192-194.)

Ahead of the hearing date, Judge Watches advised Sibley in writing that he should be prepared to address his professional discipline and its bearing on the question whether he possessed "good moral character" as

4

necessary to possess a firearm under New York law. (A168, 195.)[3] In response, Sibley demanded that Judge Watches disclose to him any written communications or notes relating to his application, and he also moved to disqualify Judge Watches on the ground that he planned to call Judge Watches as a witness and "a judge is incompetent to testify in a proceeding over which he or she is presiding." (A196-197.) Judge Watches did not respond.

At the evidentiary hearing in January 2020, Sibley testified and submitted 45 documentary exhibits totaling 250 pages. (A198-199.) In a written decision in March 2020, bearing a Steuben County Court caption and index number, Judge Watches adhered to the earlier denial. (A198-201.) Based on Sibley's persistence in filing frivolous and vexatious lawsuits despite revocation or suspension of his law licenses in multiple jurisdictions, and the inadequate justifications he offered at the hearing for that conduct, Judge Watches determined that Sibley lacked respect

---

[3] At the time Sibley applied for a pistol permit, applicants had to show "good moral character," but that term was undefined. N.Y. Penal Law former § 400.00(1)(b) (2021). In 2022, the Legislature amended § 400.00 to statutorily define "good moral character" and to require four references who could attest to the applicant's good moral character. *See* Ch. 371, 2022 N.Y. Laws (N.Y. Legis. Retrieval Serv.).

for the legal system and thus the "good moral character" required for a pistol permit. (A199-201.)

Sibley challenged Judge Watches' decision in a state-court proceeding under N.Y. C.P.L.R. article 78 that also sought to challenge the facial validity of New York's "good moral character" requirement. (A169.) The Appellate Division, Fourth Department, upheld the denial of Sibley's application. The Fourth Department held that Judge Watches reasonably relied on Sibley's disrespect for the legal system to conclude that he lacked good moral character. Rejecting Sibley's as-applied due process challenges, the Fourth Department also held that Judge Watches provided Sibley with a fair hearing. *Matter of Sibley v. Watches*, 194 A.D.3d 1385 (4th Dep't 2021) (reproduced at A202-205). The Fourth Department declined to address Sibley's facial challenge to the constitutionality of New York's pistol-license regime, however, concluding that the proper vehicle for such challenges was a declaratory-judgment action. (A203-204.)

Sibley sought to appeal as of right to the New York Court of Appeals, and also moved for leave to appeal; the Court of Appeals dismissed his appeal because it did not directly involve a substantial

constitutional question, and the Court of Appeals denied leave to appeal as a matter of discretion. *Sibley v. Watches*, 38 N.Y.3d 1006 (2022) (reproduced at A207-208).

## B. Sibley commences the underlying federal action, ultimately seeking relief from all the state-court judges purportedly responsible for his pistol-license denial.

In July 2019, while his pistol-license application was awaiting a hearing before Judge Watches, Sibley sued Judge Watches in federal court for a declaration that N.Y. Penal Law § 400.00 violated his First and Second Amendment rights and an order directing Judge Watches to issue him a pistol permit. (ECF No. 1 at 1, 3, 10.) And in December 2019 in that action, Sibley moved for a preliminary injunction that would have barred Judge Watches from proceeding with the pistol-license hearing. (ECF No. 23 at 11-12.) The district court denied Sibley's motion for a preliminary injunction by order dated January 3, 2020 (A52-54), and Sibley did not appeal that ruling. As discussed above, Judge Watches convened the hearing later that month.

Sibley thereafter amended his federal complaint multiple times, adding and removing various defendants and legal claims. (*See* ECF Nos. 18, 54, 56, 74.) By the time of Sibley's fourth amended complaint, in November

7

2020, Judge Watches had issued the above-described decision denying Sibley's application for a pistol license. Sibley's fourth amended complaint, like his original complaint, named Judge Watches as the sole defendant and alleged that the "good moral character" requirement, which Judge Watches had applied in denying his application, violated the Second Amendment. (A131, 138-139.)

The district court dismissed the action with prejudice. (A157; *see also* ECF No. 83 [judgment].) Sibley appealed (ECF No. 86), and this Court vacated the judgment and remanded to the district court to consider the effect of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which had been decided during the pendency of the appeal. *Sibley v. Watches*, No. 21-1986, 2022 WL 2824268 at *1 (2d Cir. July 20, 2022). This Court expressly declined to comment on any issues that might arise on remand. *Id.*

On remand, the district court allowed Sibley to file a fifth amended complaint. (A11 [text order].) In that complaint, Sibley sued not only Judge Watches, but also the Fourth Department judges who had upheld Judge Watches' decision and the judges then on the New York Court of Appeals

8

who had dismissed his appeal and denied him leave to appeal.[4] Sibley sued Judge Watches in his official capacity only, but he sued the Fourth Department and Court of Appeals judges in both their individual and official capacities. (A163-165.)

Without acknowledging that Judge Watches was a state-court judge, Sibley claimed that Judge Watches violated his Second Amendment rights because, contrary to *Bruen*'s guidance, he exercised independent judgment when applying N.Y. Penal Law § 400.00's good moral character requirement. (A175-176.) Sibley claimed that Judge Watches violated his due process rights by refusing his discovery demands. (A176-177.) Sibley claimed that the Fourth Department judges violated his right to access the courts by declining to address his facial challenge to the "good moral character" requirement. (A183.) And he claimed that the judges of the Court of Appeals engaged in "treason to the Constitution" by dismissing his appeal for want of a substantial constitutional question. (A185-186.)

---

[4] Sibley also sued New York's Governor, Attorney General, and State Police Superintendent, but he later withdrew those claims. (*See* A210 n.1.)

As to Judge Watches, Sibley requested a declaration that the version of N.Y. Penal Law § 400.00(1)(b) in effect while his pistol-license application remained pending before Judge Watches violated the Second Amendment and that Judge Watches violated his due process rights by refusing his discovery demands. Sibley also requested an order directing Judge Watches to issue him a pistol license or, alternatively, to reopen his application. (A176-177.) Sibley separately moved for a "preliminary injunction" that would, among other things, direct Judge Watches to issue him a pistol license while the litigation was pending. (ECF No. 96 at 2.) As to the Fourth Department judges, Sibley sought a declaration that the constitution obligated them to decide issues properly before them, an order enjoining them "from refusing to address legal issues brought before them," and damages. (A184.) And as to the judges of the Court of Appeals, Sibley requested a declaration that N.Y. C.P.L.R. 5601(b)(1)—the state law governing Court of Appeals jurisdiction—required that Court to consider the merits of any appeal raising a constitutional question without regard to its substantiality, an order that would bar defendants from imposing a substantiality requirement in the future, and damages. (A186-187.)

10

At defendants' request, the district court stayed the action pending this Court's resolution of *Antonyuk v. Chiumento* and directed defendants to provide periodic updates on the status of that case. (A209.) The court thereafter received an objection from Sibley (ECF No. 122)—apparently mailed to the court before the stay was issued—and addressed that objection sua sponte. While acknowledging that *Antonyuk* might not dispose of all the claims in the case, the court concluded that because *Antonyuk* involved a similar Second Amendment challenge to New York's pistol-licensing statute, the court should await any guidance that might be provided by that decision. (A15-16 [text order].)

Sibley moved to vacate the stay and also sought to have the district court recuse itself from his case, contending that the court failed to act impartially by issuing the stay before giving Sibley a chance to respond to defendants' motion. (ECF No. 124 at 4.) The district court denied both requests, explaining it was aware of Sibley's position on the stay and that it had reviewed Sibley's formal opposition papers as part of a de novo review of defendants' stay request. (A16 [text order].)

Shortly after this Court decided *Antonyuk*, the district court lifted the stay (A20 [text order]), and defendants moved to dismiss the fifth amended

11

complaint on the ground that Sibley lacked a basis to sue state-court judges for decisions issued in cases in which Sibley was a litigant (ECF No. 162 at 8-15).

## C.   The district court dismisses the fifth amended complaint.

The district court dismissed the fifth amended complaint in its entirety. (A210-218.) Observing that all of the defendants were state-court judges (A210), the court concluded that, to the extent they were sued in their individual capacities, they were entitled to absolute judicial immunity. All of Sibley's claims alleged error in defendants' performance of their judicial functions (A216 & n.2), and defendants were entitled to perform those functions without fear of damages or any other individual-capacity relief. (A216-217.)

To the extent defendants were sued in their official capacities, the district court concluded that Sibley's claims depended on the invalidity of defendants' rulings in since-concluded state-court proceedings, render-ing the relief he sought retrospective in nature and thus barred by the Eleventh Amendment. (A215.) And Sibley could not obtain injunctive relief against the defendants for the additional reason that he did not

allege any violation of a declaratory decree or the unavailability of declaratory relief, as necessary to obtain injunctive relief against a judicial officer under 42 U.S.C. § 1983. (A216.) Having dismissed the fifth amended complaint with prejudice, the district court denied Sibley's contemporaneous motion for a preliminary injunction as moot. (A217.)

This appeal ensued. (A218.)

## STANDARD OF REVIEW

This Court reviews the district court's ruling on a motion to dismiss de novo. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Id.* The Court does not, however, afford the same deference to legal conclusions stated in a complaint. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

This Court reviews rulings on motions to stay proceedings, as well as motions for recusal, for abuse of discretion. *United States v. Pikna*, 880 F.2d 1578, 1582 (2d Cir. 1989) (stay of proceedings); *Cox v. Onondaga Cnty.*, 760 F.3d 139, 150 (2d Cir. 2014) (recusal).

Former attorneys are not entitled to the same solicitude that this Court extends to other pro se litigants. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

## SUMMARY OF ARGUMENT

The district court correctly dismissed Sibley's fifth amended complaint. Judicial immunity bars Sibley's individual-capacity claims against defendants, all of whom are state-court judges. Sibley's own allegations, which fault defendants for their rulings in his cases, establish that defendants were performing judicial functions in matters over which they had jurisdiction. Contrary to Sibley's assertion, the applicability of judicial immunity does not depend on the right the plaintiff asserts; nor does it depend on whether the plaintiff's injury is rooted in judicial inaction rather than action.

The Eleventh Amendment bars Sibley's official-capacity claims against defendants. Those claims challenge rulings issued in proceedings that have concluded, and Sibley thus seeks only retrospective relief. Such relief is unavailable in an official-capacity lawsuit in federal court against any state actor, including a state-court judge. Indeed, the relief Sibley seeks would not redress his claimed injuries at all, but would only

14

advise defendants about how to approach hypothetical future cases that may or may not involve Sibley.

While Sibley also seeks to challenge two other district-court orders, those challenges are not properly before the Court and lack merit in any event. Sibley's challenge to the district court's order staying the case pending this Court's decision in *Antonyuk* is academic in light of the district court's entry of final judgment in the case. Even if the stay were improvidently granted, there is no longer a stay to vacate or a lawsuit to resume. In any event, the district court acted well within its discretion in deciding that the most efficient course was to await the *Antonyuk* decision.

Sibley also purports to challenge the district court's refusal to recuse itself from the case, but his conclusory objection to that ruling is insufficient to place his challenge before this Court on appeal. In any event, Sibley's challenge to the district court's decision to issue a stay pending *Antonyuk* before reviewing his objections to that stay falls far short of establishing that the district judge failed to preside over his case impartially. This is especially so, given that the district judge considered

15

those objections after the fact as soon as it became aware of them and nonetheless decided they did not change the decision to issue the stay.

Accordingly, this Court should affirm.

# ARGUMENT

## POINT I

### SIBLEY'S INDIVIDUAL-CAPACITY CLAIMS AGAINST STATE-COURT JUDGES WERE PROPERLY DISMISSED AS BARRED BY JUDICIAL IMMUNITY

The district court properly concluded that judicial immunity protected defendants, as state-court judges, from a federal lawsuit against them in their individual capacities.

Judicial immunity is absolute immunity from suit, not just the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges may avail themselves of judicial immunity "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quotation omitted). In determining whether to apply judicial immunity, courts must determine whether the allegedly unlawful acts were: (1) judicial in nature, and (2) not taken "in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004). In

16

assessing whether acts are judicial in nature, courts look to various factors, including the defendant's insulation from political influence; the presence of safeguards that reduce the need for an action for damages; the existence of an adversarial process; the importance of precedent; the possibility of correction on appeal; and the defendant's interests in performing his functions "without harassment or intimidation." *Gross v. Rell*, 585 F.3d 72, 88 (2d Cir. 2009). These factors strongly support defendants' judicial immunity from suit against them in their individual capacities.

As to the judges on the Fourth Department and the Court of Appeals, Sibley claimed that defendants violated the law in the course of reviewing or declining to review Judge Watches' ruling. More specifically, he claimed that the Fourth Department judges refused to address all of his claims in rejecting his article 78 challenge to Judge Watches' pistol-license denial, and that the Court of Appeals judges misread N.Y. C.P.L.R. 5601(1)(b) as allowing them to dismiss his appeal from the Fourth Department's order for want of a substantial constitutional question. (A183-186.) Federal courts lack authority to order state officials to conform their conduct to the federal court's interpretation of state law,

however. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Federal courts also lack authority to overrule state courts on the proper interpretation of state law. *Portalatin v. Graham*, 624 F.3d 69, 89-90 (2d Cir. 2010) (en banc). And just as importantly, state-court judges are absolutely immune from suits alleging, as Sibley's does, that they violated a litigant's rights in the course of performing their core judicial function of deciding cases. *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990); *see also Dade v. Entz*, 83 F. App'x 676, 676-77 (5th Cir. 2003) (holding that judicial immunity barred a suit against state appellate-court judges who affirmed a conviction).

While judicial immunity does not extend to judges who act in the "clear absence of all jurisdiction," *Stump v. Sparkman,* 435 U.S. 349, 357 (1978), Sibley can make no such showing here. Indeed, by contesting the refusals of the Fourth Department and Court of Appeals defendants to fully address the merits of his case, Sibley in effect concedes that these defendants had jurisdiction to consider his case; he objects only to the manner in which they exercised their jurisdiction. Nor could Sibley establish that these defendants acted in the clear absence of jurisdiction anyway. Sibley's article 78 proceeding was properly before the Fourth

18

Department; under N.Y. C.P.L.R. 506(b)(1), special proceedings against trial judges are commenced in the Appellate Division. And the Fourth Department had jurisdiction to decide what issues it should or should not address there. Similarly, N.Y. C.P.L.R. 5601 and 5602 give the New York Court of Appeals jurisdiction to hear appeals as of right and by permission, respectively. And under a long line of precedent, the New York Court of Appeals may decline to retain an appeal as of right on finding that the constitutional issue raised is not sufficiently substantial. *See Matter of New York Pub. Interest Research Group v. New York State Thruway Auth.,* 77 N.Y.2d 86, 89 (1990); *accord Matter of Woodside Manner Nursing Home v. Zucker*, 41 N.Y.3d 991, 991 (2024); *Dixon v. Cuomo*, 33 N.Y.3d 994, 994 (2019).

Sibley mistakenly argues that federal courts recognize an exception to judicial immunity for cases involving alleged violations of due process or the right to access the courts. (Br. at 23-24.) This Court has specifically held that a state-court judge was entitled to judicial immunity from a § 1983 claim asserting that the judge's determination precluded the plaintiff from accessing the court. *Huminski,* 396 F.3d at 77-79. And in *Stump v. Sparkman*, the Supreme Court rejected the premise that a

19

judge "forfeited" judicial immunity by failing to comply with due process principles. 435 U.S. at 355.

Sibley fares no better by arguing that, even if judges enjoy judicial immunity for erroneous judicial actions, they do not similarly enjoy such immunity for failures to act. (Br. at 22-23.) Under settled law, judicial immunity extends to allegations that relate to action or inaction taken by a judge in his judicial capacity. *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012); *accord Fishinghawk v. Kissinger*, 764 F. App'x 827, 828 (10th Cir. 2019) (clerk enjoyed judicial immunity for inaction on notice of appeal); *Carter v. Duggan*, 455 F.2d 1156, 1158 (5th Cir. 1972) (immunity applied to state-court judges sued under § 1983 for "judicial action or inaction"); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 2012) (judicial immunity applied to clerk's delay in scheduling an appeal). Sibley did not merely allege that defendants failed to act; he alleged that they failed to act *as state-court judges should*. Defendants are therefore entitled to judicial immunity from individual-capacity suits for any such inaction.

As to Judge Watches, Sibley sued the judge "solely in his official capacity." (A163-164.) He repeats that clarification in his brief to this Court. (Br. at 3-4.) Thus, while the district court considered any potential

20

individual-capacity claim against Judge Watches and ruled that any such claim was barred by judicial immunity as well (A216 n.2), the Court need not review that ruling. We note, however, that the ruling was correct, not only under the authorities cited above, but also under this Court's decision in *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020), *abrogated on other grounds by Bruen*, 597 U.S. at 19 & n.4. In *Libertarian Party*, this Court held that judicial immunity barred individual-capacity lawsuits against state-court judges who, as Judge Watches did here, rule on pistol-license applications by issuing written decisions in which they apply governing state law to the facts before them. *Id.* at 124-25. Accordingly, this Court should decline to disturb the dismissal of the individual-capacity claims against defendants.

## POINT II

### SIBLEY ALSO CANNOT OBTAIN RELIEF FROM DEFENDANTS IN THEIR OFFICIAL CAPACITIES

As the district court correctly concluded, the Eleventh Amendment barred Sibley's claims against the defendants in their official capacities. The Eleventh Amendment bars official-capacity claims against state

officials, including state-court judges, in federal court. *See Libertarian Party¸* 970 F.3d at 122-23.

In *Ex parte Young*, the Supreme Court carved out an exception to Eleventh Amendment immunity to address ongoing violations of federal law, but specifically exempted state-court judges. 209 U.S. 123, 163 (1908). While the Supreme Court in *Pulliam v. Allen*, 466 U.S. 522 (1984), broadly permitted suits for prospective injunctive relief against state-court judges, that decision was abrogated in 1996 when 42 U.S.C. § 1983 was amended to authorize such relief against judges in just two circumstances:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983; *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 39-40 (2021) (explaining that neither *Ex parte Young* nor § 1983 authorizes injunctions against state-court judges and clerks to prevent them from performing their judicial functions).

Whatever the precise contours of available prospective injunctive relief might be where the defendants are state-court judges, Sibley's

official-capacity claims against the state-court judges named here are barred by the Eleventh Amendment because he seeks only retrospective relief, and *Ex parte Young* does not authorize official-capacity claims for retrospective relief against any state officials, judge or otherwise. *Colbeth v. O' Rourke*, 707 F.2d 57, 57 (2d Cir. 1983). By asking the district court to grant or reopen his pistol-permit application (A177), Sibley in effect asked the court to reverse a state-court ruling rendered against him, a textbook example of retrospective relief that is beyond a court's authority to award.

Sibley cannot avoid the Eleventh Amendment bar by attempting to frame certain prayers for relief in seemingly prospective terms. Those prayers for relief include his requests for a declaration that the since-superseded "good moral character" requirement that Judge Watches applied in his case is invalid (A176); a declaration that Judge Watches deprived him of due process in denying his pistol-permit application (A177); a declaration that the Fourth Department judges are constitutionally obligated to decide all issues properly before them (A184); and an injunction barring the Court of Appeals judges from refusing to address legal issues brought before them (A186). Despite this

23

framing, the gravamen of Sibley's complaint is that Judge Watches improperly denied his pistol-permit application *in the past,* and that the appellate judges thereafter refused to consider his appellate claims when his case was presented to them, also in the past. His case is thus much like *Ward v. Thomas,* where this Court rejected a similar endeavor to blur the distinction between prospective and retrospective relief. 207 F.3d 114, 119 (2d Cir. 2000). Because the claims Sibley asserted against the defendant judges involved "one-time, past event[s]," *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 510 (6th Cir. 2008), there is no ongoing violation of federal law to enjoin. *Accord Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019) (finding declaratory relief against a judge unavailable where complaint sought declaration of past liability and not future rights).

Indeed, none of the ostensibly prospective relief Sibley seeks from Judge Watches would require the judge to reconsider Sibley's application, let alone issue Sibley a pistol license upon reconsideration, and thus would not redress any injury. *See Opala v. Watt*, 454 F.3d 1154, 1158-59 (10th Cir. 2006) (declaration of unconstitutionality would not redress injury). His recourse instead is to submit a new application to enable the

24

licensing officer to whom any such application would be assigned to decide that application under the law that controls at that time. Similarly, an order granting the relief Sibley seeks against the Fourth Department and Court of Appeals judges would do nothing for Sibley now and would only benefit him if he found his way to those judges in a future case. Because a prerequisite to proceeding in federal court is a dispute that is remediable by "specific relief through a decree of a conclusive character," Sibley's ostensibly prospective claims fail to give rise to a genuine Article III controversy. *See Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 354 (2d Cir. 2020).[5]

This Court recently reached a similar conclusion in *Kelsey v. Clark*, No. 22-22, 2023 WL 1980307 (2d Cir. Feb. 14, 2023). The plaintiff in *Kelsey*, like Sibley, sued a state-court judge for a declaration that the judge applied an unconstitutional legal standard in a "*now-concluded* state-court action." 2023 WL 1980307 at *1 (emphasis in original). And like Sibley, the plaintiff asserted a continuing interest in settling the law

---

[5] This same issue is presented in *Kellogg v. Nichols*, No. 23-8093, which similarly involves a federal lawsuit against a judge over the denial of pistol license. *Kellogg* is fully briefed and awaiting oral argument.

to prevent unconstitutional principles from being applied to him or others in the future. *Id.* at *2. This Court squarely rejected that assertion, reasoning that the mere potential for future legal error was not enough to create an Article III controversy. *Id.*; *accord Francis v. Pellegrino*, 224 F. App'x 107, 109 (2d Cir. 2007) (no Article III controversy presented by access-to-courts claim against the state-court judges who presided over concluded state-court case). The Court should similarly reject Sibley's attempt here to seek what would amount to no more than an advisory opinion on how defendants should approach similar cases in the future.

To be sure, 42 U.S.C. § 1983 permits a federal court to issue an injunction against a state-court judge if a "declaratory decree was violated or declaratory relief is unavailable." But this language does not authorize the retrospective relief Sibley seeks. As the district court correctly reasoned in the alternative (A216), neither circumstance is implicated here. Sibley did not allege that defendants violated a declaratory decree or that declaratory relief was unavailable. Nor could he have done so. In the very Fourth Department order that Sibley attempts to challenge here, the Fourth Department specifically advised Sibley that

26

he could raise his facial constitutional challenge in a declaratory judgment action in state court. And the Fourth Department addressed—and rejected—his as-applied constitutional challenges to the pistol-permitting scheme. *See Matter of Sibley v. Watches*, 194 A.D.3d 1385, 1387-88 (4th Dep't 2021). Sibley is therefore mistaken that the district court's ruling leaves him without recourse to vindicate his constitutional rights. (Br. at 25-26.) Indeed, in *Antonyuk*, this Court recently reviewed the constitutionality of prospective applications of various aspects of New York's pistol-licensing scheme, which it could not have done if constitutional challenges to that scheme were unavailable. 89 F.4th at 331-33. On the other hand, *Antonyuk* did not open the courthouse doors to litigants who, like Sibley, seek no more than a moral victory based on past judgments.

## POINT III

### SIBLEY'S CHALLENGES TO THE DISTRICT COURT'S NON-DISPOSITIVE RULINGS ARE MERITLESS

In addition to the dismissal of his action, Sibley purports to challenge two other district-court orders: the order granting defendants' motion to stay the action pending the outcome of *Antonyuk* and the order

27

denying Sibley's motion to disqualify the district court judge presiding over his case.[6] Both challenges lack merit.

## A.   Sibley's challenge to the stay pending the outcome of *Antonyuk* is academic and meritless in any event.

The Court need not address Sibley's argument (Br. at 12-13) that the district court abused its discretion by staying this action pending the outcome of *Antonyuk*. The district court's entry of final judgment rendered Sibley's challenge to the stay academic. To challenge that stay, Sibley needed to appeal it promptly and persuade this Court to vacate it as "immoderate." *See Marti v. Iberostar Hoteles v Apartamentos S.L.*, 54 F.4th 641, 643-44 (11th Cir. 2022); *Davis v. Walker*, 745 F.3d 1303, 1311-12 (9th Cir. 2014); *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Sibley did not follow this course. The district court thus lifted the stay on its own accord when the *Antonyuk* decision

---

[6] Sibley also challenges the district court's delay in ruling on his motion for leave to proceed in forma pauperis before ultimately denying his motion as moot. (Br. at 11-12.) As was the case when Sibley raised this issue in his previous appeal, defendants take no position on this challenge, which has no bearing on whether the action was properly dismissed.

was handed down and thereafter dismissed the action altogether. Because review of the stay at this juncture would yield nothing of value to Sibley, the Court should not review it.

Even if Sibley's challenge were properly before the Court, it would be meritless. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quotation and alternation omitted). Courts should also consider whether a stay would result in undue hardship to a party or the public at large. *Range v. 480-486 Broadway*, 810 F.3d 108, 113 (2d Cir. 2015) (quotation omitted). The issuance of a stay, however, rests within a court's sound discretion. *Woodlawn Cemetery v. Local 365, Cemetery Workers & Greens Attendants Union*, 930 F.2d 154, 156 (2d Cir. 1991). Sibley cannot establish an abuse of discretion here.

Sibley's case had already been remanded by this Court to the district court to consider the effect of *Bruen* on Sibley's claims. *Sibley v. Watches*, No. 21-1986, 2022 WL 2824268 at *1 (2d Cir. July 20, 2022). Following that remand, defendants made the district court aware that in

29

*Antonyuk*, a different district court had considered the effect of *Bruen* on multiple aspects of N.Y. Penal Law § 400.00 and that this Court had scheduled an appeal from that court's decision to be heard on an expedited basis. Moreover, *Antonyuk* involved threshold arguments regarding a party's standing to challenge N.Y. Penal Law § 400.00. (ECF No. 120-3 at 3-5.) Accordingly, even if Sibley's fifth amended complaint were not entirely the same as the *Antonyuk* complaint, the district court in this case reasonably expected that this Court's decision in *Antonyuk* would be instructive for purposes of analyzing Sibley's claims. The district court thus providently exercised its discretion in concluding that awaiting the outcome of *Antonyuk* before proceeding would appropriately serve the interest of judicial economy and preserve the parties' resources.

The district court's expectation proved prescient. Once *Antonyuk* was decided, it played a significant role in the proceedings below. For example, defendants relied extensively on *Antonyuk* when arguing for the dismissal of Sibley's claims against the non-judicial defendants. (ECF No. 162 at 27-37; *see also* A164, 177-182 [claims against New York's Governor, Attorney General, and State Police Superintendent].) And Sibley responded to those arguments by withdrawing those claims, expressly

30

commenting that *Antonyuk* influenced his choice to do so. (ECF No. 166 at 1 n.1.) Even now on appeal, Sibley admits that *Antonyuk* had the potential to "define the rights" at issue. (Br. at 13.)

Sibley nonetheless argues that it was unfair for the district court to force him to "stand aside" in favor of the *Antonyuk* plaintiffs. (Br. at 13.) But the district court did not prioritize another party's case at the expense of Sibley. *Antonyuk* was already on appeal, and this Court's decision in that case assisted the district court and the parties in this one. Apart from Sibley's conclusory claims of hardship, he fails to explain how he or anyone else would have been better off addressing the same issues twice—before *Antonyuk* and again with the benefit of *Antonyuk*'s reasoning—instead of waiting to address the claims within the framework *Antonyuk* described.

While Sibley laments that the matter was ultimately stayed for 360 days (Br. at 13), most of that period consisted of the time between the oral argument and this Court's decision. Indisputably, however, the district court had every reason during this period to believe that a decision would be forthcoming. The district court therefore did not abuse its

31

discretion by maintaining the stay in place until the *Antonyuk* decision was handed down.

## B. The district court was not required to recuse itself from Sibley's case.

The Court also need not review Sibley's challenge to the district court's refusal to recuse itself from the case. Sibley makes that challenge, if at all, in only conclusory terms, without articulating why he believes the motion was wrongly decided. (*See* Br. at ii, 5-6.) Because it is not enough for Sibley to refer to this ruling only "obliquely and in passing" without any assertion of error, he has abandoned any potential challenge in this regard, and this Court should decline to consider it. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

In any event, the district court was not required to recuse itself. Sibley's recusal motion was based entirely on the judge's decision to stay this action pending this Court's decision in *Antonyuk*. Adverse rulings, without more, do not provide a basis for recusal, however. *Wright v. Comm'r of Internal Revenue*, 571 F.3d 215, 220 (2d Cir. 2009). And as

demonstrated above, the district court's decision to issue the stay was reasonable.

To the extent that Sibley relies on the district judge's decision to grant the stay before reading Sibley's response (ECF No. 124 at 2-3), his argument fares no better. Shortly after receiving Sibley's opposition papers, the district court revisited its decision sua sponte and found that while Sibley's arguments had some merit, they did not outweigh the factors favoring a stay. (ECF No. 123 [text order].) Although Sibley may disagree with that reasoning, nothing about that reasoning suggests that the judge could not continue to preside over the matter impartially.

## CONCLUSION

This Court should affirm the district court's judgment.

Dated: July 15, 2024
           Albany, New York

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Defendants-Appellees

By:   */s/ Jonathan D. Hitsous*
    JONATHAN D. HITSOUS
    Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*
ANDREA OSER
  *Deputy Solicitor General*
JONATHAN D. HITSOUS
  *Assistant Solicitor General*
    *of Counsel*

The Capitol
Albany, New York 12224
(518) 776-2044

34

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Jonathan D. Hitsous, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 6,281 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.

*/s/ Jonathan D. Hitsous*

## United States Court of Appeals
## For the Second Circuit

MONTGOMERY BLAIR SIBLEY,

*Plaintiff-Appellant,*

v.

CHAUNCEY J. WATCHES, et al.,

*Defendants-Appellees,*

His Excellency ANDREW MARK CUOMO, solely in his official capacity as the Chief Administrative Officer of the State of New York, et al.

*Defendants.*

DOCKET# 24-855

STATE OF NEW YORK
COUNTY OF ALBANY     ss:
CITY OF ALBANY

**CRISTAL R. GAZELONE** being duly sworn says:

I am over eighteen years of age and an employee in the office of the Attorney General of the State of New York, attorney for the **Defendants-Appellees**, herein.

On the **15th** day of **July, 2024** I served the annexed **Brief for Defendants-Appellees** upon the individual named below, by depositing 1 copy thereof, properly enclosed in a sealed, postpaid wrapper, in the letter box of the post office in the City of Albany, New York, a depository under the exclusive care and custody of the United States Postal Service, directed to the said individual at the address within the State respectively theretofore designated by them for that purpose as follows:

Montgomery Blair Sibley
P.O. Box 341
Odessa, New York 14869

Sworn to before me this
**15th** day of **July, 2024**

Notary Public

Isabelle A. Cox
Notary Public, State of New York
Reg. No. 01CO0004927
Qualified in Albany County
Commission Expires April 3, 20 27